# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| BECKER LOGISTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No.: 1:20-cv-00784** |
| vs. | ) | |
| | ) | |
| KLO ACQUISITION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR BREACH OF CONTRACT AND OTHER RELIEF

Now comes Plaintiff, BECKER LOGISTICS, LLC ("Becker"), by and through its undersigned counsel, and hereby sets forth its Complaint for Breach of Contract and Other Relief against Defendant, KLO ACQUISITION, LLC ("Defendant"). In support thereof, Becker alleges as follows:

### I.     PARTIES & JURISDICTION

1.     At the time of the commencement of this action, Plaintiff Becker is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business in Glendale Heights, Illinois.

2.     At the time of the commencement of this action and upon information and belief, Defendant is a Delaware limited liability company with its principal place of business in Muskegon, Michigan.

3.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties, and because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), (c)(2), and (d).

## II. FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. In 2017, Becker and Defendant entered into a business relationship in which Becker acted as a freight broker for Defendant. Under the arrangement, Becker would locate motor carriers to haul freight on behalf of Defendant.

6. Becker is a federally licensed and authorized freight "broker" and operates pursuant to USDOT FMCSA Authority Certificate N. MC- 322914.

7. Becker has a limited license to conduct its business: it does not have USDOT FMCSA authority to actually haul cargo; it has no trucks and absolutely no presence on the roadways; and it is not insured to provide transportation.

8. Becker is also not paid for the transportation of goods. Rather, it is paid a small percentage of the actual transportation freight charges as a commission for its brokerage services.

9. Becker did not execute any of the bills of lading on the shipments during Becker and Defendant's business relationship. The motor carrier who actually hauled the freight executed each of the bill ladings evidencing the delivery of the goods. Becker was not identified as a motor carrier on any document related to the shipments.

10. Becker and Defendant entered into multiple contracts with one another for the brokerage and shipping of Defendant's property. A report, evidencing the unpaid freight bills (the "Unpaid Freight Bills") under corresponding invoice numbers (the "Invoices"), is attached hereto and incorporated herein as **Exhibit A**. The Invoices are attached hereto and incorporated herein as **Exhibit B**.

2

11.     Becker, on behalf of Defendant, has satisfied all payment obligations owed to the motor carriers for services rendered, and is subrogated to the rights of such motor carriers.

**III.     BECKER DEMANDS PAYMENT BUT DEFENDANT REFUSES TO PAY**

12.     On numerous occasions, representatives of Becker placed telephone calls and email messages to Defendant requesting payment of the Unpaid Freight Bills.  Despites these numerous calls, Defendant failed to pay any of the amounts due and owing on the Invoices to date.

13.     On December 29, 2019, Becker, by and through its counsel named herein, sent a letter (the "Demand Letter") to Defendant demanding payment for the Unpaid Freight Bills. The Demand Letter was sent via FedEx to Defendant's Michigan address. The Demand letter was also transmitted and delivered by email message to Dwight Closson (dwight@hemispheredesigns.com) and John Genualdi (john@hemispheredesigns.com).   The Demand Letter, other evidence of delivery, and John Genualdi's read receipt is attached hereto and incorporated herein as **Exhibit C**.

14.     Despite these repeated demands, Defendant has failed to pay the amounts due and owing on the Invoices to date.

**COUNT I – BREACH OF CONTRACT**

15.     Becker incorporates the allegations set forth within Paragraphs 1 through 14 as if fully set forth herein.

16.     Becker and Defendant entered into a valid and enforceable contract, as evidenced by the arrangements for Becker to broker the property, pursuant to Exhibit B.

17.     Becker completed all of its obligations under the terms of the contract.

18. Defendant breached the terms of the agreement with Becker by failing to pay the Becker for its services when due, and thus the contract.

19. Becker has suffered damages as a result of Defendant failing to pay for Becker's services under the contract.

**WHEREFORE**, WHEREFORE Plaintiff, Becker Logistics, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, KLO Acquisition, LLC in an amount in excess of $177,448.75 based on the unpaid Invoices and pre-judgment interest on the unpaid amounts pursuant to 815 ILCS 205/2, plus attorneys' fees and costs, and grant such other and further relief that this Court deems necessary and just.

<u>**COUNT II – Unjust Enrichment/Quantum Meruit**</u>

**(Pled in the alternative)**

20. Becker incorporates and re-alleges paragraphs 1 through 9, and 11-14 as if fully set forth below.

21. Becker provided freight broker services to Defendant.

22. Defendant accepted those services from Becker.

23. Defendant unjustly retained the benefit of those services without payment.

24. Defendant continues to retain the benefit of these services to Becker's detriment.

25. Defendant's failure to pay for the services provided to it by Becker violates the fundamental principles of justice, equity, and good conscience.

26. Defendant's refusal to pay the funds due and owing on the Invoices is an unreasonable and vexatious delay of payment pursuant to 815 ILCS 205/2.

**WHEREFORE**, Plaintiff, Becker Logistics, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, KLO Acquisition, LLC in an amount in

excess of $177,448.75 based on the unpaid Invoices and pre-judgment interest on the unpaid amounts pursuant to 815 ILCS 205/2, plus attorneys' fees and costs, and grant such other and further relief that this Court deems necessary and just.

## JURY DEMAND

Becker demands a jury for all matters that are triable to a jury.

Dated: February 3, 2020

Respectfully submitted:

/s/ C.J. Compher
*Attorney for Plaintiff,*
*Becker Logistics, LLC*
Eric J. Emerson
C.J. Compher
Emerson & Elder, P.C.
53 West Jackson Blvd.
The Monadnock Building, Suite 526
Chicago, Illinois 60604
Direct Dial: (312) 858-0703
Email: eric@emersonelder.com
Email: cj@emersonelder.com

5