UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| BECKER LOGISTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No.: 1:20-cv-00784** |
| vs. | ) | |
| | ) | **Judge Harry D. Leinenweber** |
| KLO ACQUISITION, LLC, KL OUTDOOR | ) | |
| LLC, KLO HOLDINGS, LLC D/B/A | ) | |
| HEMISPHERE DESIGN WORKS, NEW WATER | ) | |
| CAPITAL, L.P., NEW WATER CAPITAL GP, | ) | |
| LLC, KLO INTERMEDIATE HOLDINGS, LLC | ) | |
| and GSC TECHNOLOGIES INC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AMENDED COMPLAINT FOR BREACH OF CONTRACT AND OTHER RELIEF

Now comes Plaintiff, BECKER LOGISTICS, LLC ("Becker"), by and through its undersigned counsel, and hereby sets forth its Amended Complaint for Breach of Contract and Other Relief against Defendants, KLO ACQUISITION, LLC ("KLO Acquisition"), KL OUTDOOR LLC, KLO HOLDINGS, LLC D/B/A HEMISPHERE DESIGN WORKS, NEW WATER CAPITAL, L.P., NEW WATER CAPITAL GP, LLC, KLO INTERMEDIATE HOLDINGS, LLC and GSC TECHNOLOGIES INC. (collectively "Defendants"). In support thereof, Becker alleges as follows:

## I.      PARTIES & JURISDICTION

1.      At the time of the commencement of this action, Becker is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business in Glendale Heights, Illinois.

2. At the time of the commencement of this action and upon information and belief, Defendant KLO Acquisition, LLC ("KLO Acquisition") is a Delaware limited liability company with its principal places of business at 700 Terrace Point Road Suite 200 Muskegon, Michigan (the "Muskegon Address").

3. Upon information and belief KLO Acquisition, LLC maintains another principal place of business at 2424 N. Federal Hwy Suite 418, Boca Raton, FL 33431 (the "Boca Raton Address").

4. At the time of the commencement of this action and upon information and belief, Defendant KL Outdoor LLC ("KL Outdoor") is an Arizona limited liability company with its principal place of business at 200 Eagles Landing Parkway, Stockbridge, GA 30281.

5. Upon Information and belief KL Outdoor maintains a records address at the Muskegon Address.

6. Upon Information and belief KLO Acquisition operates under the name KL Outdoor LLC within the state of Michigan.

7. At the time of the commencement of this action and upon information and belief, Defendant KLO Holdings, LLC ("KLO Holdings") is a Delaware limited liability company with its principal place of business at 40600 Ann Arbor Road E., Suite 201, Plymouth, Michigan 48170.

8. Upon information and belief Hemisphere Design Works ("HDW") is a division of KLO Holdings having its principal place of business at the Muskegon Address.

9. At the time of the commencement of this action and upon information and belief, Defendant New Water Capital, L.P. ("New Water LP") is a Delaware limited partnership company with its principal place of business at the Boca Raton Address.

10.     At the time of the commencement of this action and upon information and belief, Defendant New Water Capital GP, LLC. ("New Water GP") is a Delaware limited liability company with its principal place of business at the Boca Raton Address.

11.     Upon information and belief New Water GP is the General Partner of New Water LP.

12.     Upon information and belief HDW was the result of a partnership between New Water LP and KL Outdoor.

13.     At the time of the commencement of this action and upon information and belief, Defendant GSC Technologies Inc ("GSC") is a Canadian Corporation with its principal place of business at 160 Rue Vanier, Saint-Jean-sur-Richelieu, QC J3B 3R4, Canada.

14.     Upon information and belief KLO Acquisition is jointly owned by KL Outdoor and GSC.

15.     Upon information and belief GSC operates in partnership with New Water LP.

16.     At the time of the commencement of this action and upon information and belief, Defendant KLO Intermediate Holdings, LLC ("KLO Intermediate") is a Delaware limited liability company with its principal place of business at the Boca Raton Address.

17.     Upon information and belief KLO Intermediate manages KLO Acquisition.

18.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the opposing parties, and because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), (c)(2), and (d).

## II.     FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

20.     In 2017, Becker and Defendants KLO Acquisition and KL Outdoor entered into a business relationship in which Becker acted as a freight broker for Defendants.  Under the arrangement, Becker would locate motor carriers to haul freight on behalf of Defendants.

21.     Becker is a federally licensed and authorized freight "broker" and operates pursuant to USDOT FMCSA Authority Certificate N. MC- 322914.

22.     Becker has a limited license to conduct its business: it does not have USDOT FMCSA authority to actually haul cargo; it has no trucks and absolutely no presence on the roadways; and it is not insured to provide transportation.

23.     Becker is also not paid for the transportation of goods.  Rather, it is paid a small percentage of the actual transportation freight charges as a commission for its brokerage services.

24.     Becker did not execute any of the bills of lading on the shipments during Becker and Defendants' business relationship.  The motor carrier who actually hauled the freight executed each of the bill ladings evidencing the delivery of the goods.  Becker was not identified as a motor carrier on any document related to the shipments.

25.     Becker and Defendants KLO Acquisition and KL Outdoor entered into multiple contracts with one another for the brokerage and shipping of Defendants' property. A report, evidencing the unpaid freight bills (the "Unpaid Freight Bills") under corresponding invoice numbers (the "Invoices"), is attached hereto and incorporated herein as **Exhibit A**. The Invoices are attached hereto and incorporated herein as **Exhibit B**.

26.     Becker, on behalf of Defendant, has satisfied all payment obligations owed to the motor carriers for services rendered, and is subrogated to the rights of such motor carriers.

27.     KLO Acquisition was listed as the party to receive Becker's invoices.

28.     KL Outdoor was listed on numerous invoices as the shipper or consignee.

29.     Upon information and belief, Defendants are all related in that they are owned by, partnered with, share addresses with, and share business names with each other as reflected in the paragraphs 1 through 19.

30.     Upon information and belief, Defendants commingle assets with each other as evidenced by the shared names, addresses, and shared shipping services.

31.     Upon information and belief KLO Acquisition, LLC, is undercapitalized.

32.     Upon information and belief Defendants treat the assets of each other as their own.

33.     Upon information and belief, all Defendants benefited from the services rendered by Becker.

34.     Upon information and belief, KLO Acquisition was paying invoices for Services rendered by Becker on behalf of the other Defendants and Defendants' owned companies.

## III.     BECKER DEMANDS PAYMENT BUT DEFENDANT REFUSES TO PAY

35.     On numerous occasions, representatives of Becker placed telephone calls and email messages to KLO Acquisition requesting payment of the Unpaid Freight Bills.  Despites these numerous calls, KLO Acquisition failed to pay any of the amounts due and owing on the Invoices to date.

36.     On December 29, 2019, Becker, by and through its counsel named herein, sent a letter (the "Demand Letter") to KLO Acquisition demanding payment for the Unpaid Freight Bills. The Demand Letter was sent via FedEx to KLO Acquisition's Muskegon Address. The Demand letter was also transmitted and delivered by email message to Dwight Closson (dwight@hemispheredesigns.com) and John Genualdi (john@hemispheredesigns.com).   The

5

Demand Letter, other evidence of delivery, and John Genualdi's read receipt is attached hereto and incorporated herein as **Exhibit C**.

37.     Despite these repeated demands, Defendants have failed to pay the amounts due and owing on the Invoices to date.

## COUNT I – BREACH OF CONTRACT- KLO ACQUISITION

38.     Becker incorporates the allegations set forth within Paragraphs 1 through 37 as if fully set forth herein.

39.     Becker and KLO Acquisition entered into a valid and enforceable contract, as evidenced by the arrangements for Becker to broker the property, pursuant to Exhibit B.

40.     Becker completed all of its obligations under the terms of the contract.

41.     KLO Acquisition breached the terms of the agreement with Becker by failing to pay the Becker for its services when due, and thus the contract.

42.     Becker has suffered damages as a result of KLO Acquisition failing to pay for Becker's services under the contract.

**WHEREFORE**, WHEREFORE Plaintiff, Becker Logistics, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, KLO Acquisition, LLC in an amount in excess of $177,448.75 based on the unpaid Invoices and pre-judgment interest on the unpaid amounts pursuant to 815 ILCS 205/2, plus attorneys' fees and costs, and grant such other and further relief that this Court deems necessary and just.

## COUNT II – BREACH OF CONTRACT- KL OUTDOOR

43.     Becker incorporates the allegations set forth within Paragraphs 1 through 37 as if fully set forth herein.

44.     Becker and KL Outdoor entered into a valid and enforceable contract, as evidenced by the arrangements for Becker to broker the property, pursuant to Exhibit B.

45.     Becker completed all of its obligations under the terms of the contract.

46.     KL Outdoor breached the terms of the agreement with Becker by failing to have its subsidiary KLO Acquisition make payment for the services Becker performed on KL Outdoor's behalf.

47.     Becker has suffered damages as a result of KL Outdoor failing to pay for Becker's services under the contract.

**WHEREFORE**, WHEREFORE Plaintiff, Becker Logistics, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, KL Outdoor LLC in an amount in excess of $177,448.75 based on the unpaid Invoices and pre-judgment interest on the unpaid amounts pursuant to 815 ILCS 205/2, plus attorneys' fees and costs, and grant such other and further relief that this Court deems necessary and just.

### COUNT III – Unjust Enrichment/Quantum Meruit – KLO Acquisition

**(Pled in the alternative)**

48.     Becker incorporates and re-alleges paragraphs 1-37 as if fully set forth below.

49.     Becker provided freight broker services to KLO Acquisition.

50.     KLO Acquisition accepted those services from Becker.

51.     KLO Acquisition unjustly retained the benefit of those services without payment.

52.     KLO Acquisition continues to retain the benefit of these services to Becker's detriment.

53.     KLO Acquisition's failure to pay for the services provided to it by Becker violates the fundamental principles of justice, equity, and good conscience.

54.     KLO Acquisition's refusal to pay the funds due and owing on the Invoices is an unreasonable and vexatious delay of payment pursuant to 815 ILCS 205/2.

**WHEREFORE**, Plaintiff, Becker Logistics, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, KLO Acquisition, LLC in an amount in excess of $177,448.75 based on the unpaid Invoices and pre-judgment interest on the unpaid amounts pursuant to 815 ILCS 205/2, plus attorneys' fees and costs, and grant such other and further relief that this Court deems necessary and just.

## COUNT IV – Unjust Enrichment/Quantum Meruit – KL Outdoor

### (Pled in the alternative)

55.     Becker incorporates and re-alleges paragraphs 1-37 as if fully set forth below.

56.     Becker provided freight broker services to KLO Acquisition and KL Outdoor.

57.     KL Outdoor accepted those services from Becker.

58.     KL Outdoor unjustly retained the benefit of those services without payment.

59.     KL Outdoor continues to retain the benefit of these services to Becker's detriment.

60.     KL Outdoor's failure to pay for the services provided to it by Becker violates the fundamental principles of justice, equity, and good conscience.

61.     KL Outdoor's refusal to pay the funds due and owing on the Invoices is an unreasonable and vexatious delay of payment pursuant to 815 ILCS 205/2.

62.     KL Outdoor's ownership interest, sharing of the Muskegon Address, sharing of its name, and sharing of shipping services leave its business so intertwined with KLO Acquisition and other Defendants that it would be equitable to hold KL Outdoor liable for KLO Acquisition's and other Defendants' failure to meet their payment obligations.

**WHEREFORE**, Plaintiff, Becker Logistics, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, KL Outdoor LLC in an amount in excess of $177,448.75 based on the unpaid Invoices and pre-judgment interest on the unpaid amounts pursuant to 815 ILCS 205/2, plus attorneys' fees and costs, and grant such other and further relief that this Court deems necessary and just.

### COUNT V – Unjust Enrichment/Quantum Meruit – KLO Holdings

### (Pled in the alternative)

63.     Becker incorporates and re-alleges paragraphs 1-37 as if fully set forth below.

64.     Becker provided freight broker services to Defendants.

65.     Becker services included shipment of HDW products.

66.     KLO Holdings maintains ownership interest in HDW.

67.     KLO Holdings accepted services from Becker.

68.     KLO Holdings unjustly retained the benefit of those services without payment.

69.     KLO Holdings continues to retain the benefit of these services to Becker's detriment.

70.     KLO Holding's failure to pay for the services provided to it by Becker violates the fundamental principles of justice, equity, and good conscience.

71.     KLO Holding's refusal to pay the funds due and owing on the Invoices is an unreasonable and vexatious delay of payment pursuant to 815 ILCS 205/2.

72. KLO Holding's sharing of the Muskegon Address, and sharing of shipping services leave its business so intertwined with KLO Acquisition and other Defendants that it would be equitable to hold KL Outdoor liable for KLO Acquisition's and other Defendants' failure to meet their payment obligations.

**WHEREFORE**, Plaintiff, Becker Logistics, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, KLO Holdings, LLC in an amount in excess of $177,448.75 based on the unpaid Invoices and pre-judgment interest on the unpaid amounts pursuant to 815 ILCS 205/2, plus attorneys' fees and costs, and grant such other and further relief that this Court deems necessary and just.

## COUNT VI – Unjust Enrichment/Quantum Meruit – New Water LP and New Water GP

### (Pled in the alternative)

73. Becker incorporates and re-alleges paragraphs 1-37 as if fully set forth below.

74. Becker provided freight broker services to Defendants.

75. Becker services included shipment of HDW products.

76. New Water LP maintains ownership interest in HDW.

77. New Water LP accepted services from Becker.

78. New Water LP unjustly retained the benefit of those services without payment.

79. New Water LP continues to retain the benefit of these services to Becker's detriment.

80. New Water LP's failure to pay for the services provided to it by Becker violates the fundamental principles of justice, equity, and good conscience.

81. New Water LP's refusal to pay the funds due and owing on the Invoices is an unreasonable and vexatious delay of payment pursuant to 815 ILCS 205/2.

82. In addition to New Water LP's interest in HDW, New Water LP operates in partnership with GSC.

83. New Water LP's sharing of the Muskegon Address, Boca Raton Address, and shipping services leave its business so intertwined with KLO Acquisition and other Defendants that it would be equitable to hold KL Outdoor liable for KLO Acquisition's and other Defendants' failure to meet their payment obligations.

84. As the General Partner of New Water LP, New Water GP is responsible for the obligations of New Water LP.

**WHEREFORE**, Plaintiff, Becker Logistics, LLC, respectfully requests that this Court enter judgment in its favor and against Defendants, New Water Capital, L.P. and New Water Capital GP, LLC in an amount in excess of $177,448.75 based on the unpaid Invoices and pre-judgment interest on the unpaid amounts pursuant to 815 ILCS 205/2, plus attorneys' fees and costs, and grant such other and further relief that this Court deems necessary and just.

### COUNT VII – Unjust Enrichment/Quantum Meruit – GSC

**(Pled in the alternative)**

85. Becker incorporates and re-alleges paragraphs 1-37 as if fully set forth below.

86. Becker provided freight broker services to Defendants.

87. Upon information and belief, GSC maintains ownership interest in KLO Acquisition.

88. GSC accepted services from Becker.

89. GSC unjustly retained the benefit of those services without payment.

90. GSC continues to retain the benefit of these services to Becker's detriment.

11

91.     GSC's failure to pay for the services provided to it by Becker violates the fundamental principles of justice, equity, and good conscience.

92.     GSC's refusal to pay the funds due and owing on the Invoices is an unreasonable and vexatious delay of payment pursuant to 815 ILCS 205/2.

93.     GSC's ownership interest in KLO Acquisition and partnerships with New Capital LP leave Defendants so intertwined that it would be equitable to hold GSC liable for KLO Acquisition's and other Defendants' failure to meet their payment obligations.

**WHEREFORE**, Plaintiff, Becker Logistics, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, GSC Technologies, Inc. in an amount in excess of $177,448.75 based on the unpaid Invoices and pre-judgment interest on the unpaid amounts pursuant to 815 ILCS 205/2, plus attorneys' fees and costs, and grant such other and further relief that this Court deems necessary and just.

## COUNT V – Unjust Enrichment/Quantum Meruit – KLO Intermediate

### (Pled in the alternative)

94.     Becker incorporates and re-alleges paragraphs 1-37 as if fully set forth below.

95.     Becker provided freight broker services to Defendants.

96.     Upon information and belief, KLO Intermediate manages KLO Acquisition.

97.     KLO Intermediate accepted services from Becker.

98.     KLO Intermediate unjustly retained the benefit of those services without payment.

99.     KLO Intermediate continues to retain the benefit of these services to Becker's detriment.

100.    KLO Intermediate's failure to pay for the services provided to it by Becker violates the fundamental principles of justice, equity, and good conscience.

12

101.   KLO Intermediate's refusal to pay the funds due and owing on the Invoices is an unreasonable and vexatious delay of payment pursuant to 815 ILCS 205/2.

102.   KLO Intermediate sharing of the Boca Raton Address, and shipping services leave its business so intertwined with KLO Acquisition and other Defendants that it would be equitable to hold KLO Intermediate liable for KLO Acquisition's and other Defendants' failure to meet their payment obligations.

**WHEREFORE**, Plaintiff, Becker Logistics, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, KLO Intermediate Holdings, LLC in an amount in excess of $177,448.75 based on the unpaid Invoices and pre-judgment interest on the unpaid amounts pursuant to 815 ILCS 205/2, plus attorneys' fees and costs, and grant such other and further relief that this Court deems necessary and just.

## JURY DEMAND

Becker demands a jury for all matters that are triable to a jury.

Dated: July 30, 2020

Respectfully submitted:

/s/ C.J. Compher

*Attorney for Plaintiff,*
*Becker Logistics, LLC*
Eric J. Emerson
C.J. Compher
Michael Parrent
Emerson & Elder, P.C.
53 West Jackson Blvd.
The Monadnock Building, Suite 526

13

Chicago, Illinois 60604
Direct Dial: (312) 858-0703
Email: eric@emersonelder.com
Email: cj@emersonelder.com
Email: michael@emersonelder.com